UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER P. LOVINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-033-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY | ) | **MEMORANDUM OPINION** |
| DETENTION CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Christopher Lovings, proceeding *pro se*, has filed a civil rights Complaint. [Record No. 1]  The Court granted Lovings' motion to proceed as a pauper by a prior Order. [*See* Record No. 9.]  Accordingly, the Complaint is now before the Court for a preliminary screening.  *See* 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Complaint will be dismissed because it fails to state a claim upon which relief may be granted.  Lovings seeks a total of fifteen billion dollars in damages because he allegedly contracted Covid-19 while being held at the Fayette County Detention Center.  But while Lovings generally claims that the Fayette County Detention Center failed to "follow CDC protocols and the Gov. orders," he does not articulate who failed to follow the supposed protocols or how those alleged failures violate his constitutional rights. [*See* Record No. 1 at 5.]

Further, Lovings' 42 U.S.C. § 1983 claims for money damages are not viable against any of the named defendants. Lovings sues the Fayette County Detention Center, the Commonwealth of Kentucky, and the United States of America. But the Fayette County Detention Center is not a suable entity apart from the county that operates it. *See, e.g., Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). And even construing his claims as against Fayette County, Lovings makes no allegation that the conduct about which he complains was the product of a county policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). He therefore fails to state a claim against either the Fayette County Detention Center or Fayette County, Kentucky.

As for the Commonwealth of Kentucky, section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The same holds true for Lovings' claims against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Where, as here, a Complaint fails to state a claim upon which relief may be granted, the Prison Litigation Reform Act provides for dismissal on screening. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is hereby

**ORDERED** as follows:

1.  Lovings' Complaint [Record No. 1] is **DISMISSED**.

2.   This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: March 3, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky